**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

LATISHA WRIGHT,

      Plaintiff,

v.

MARRIOTT VACATIONS
WORLDWIDE CORPORATION
and OCEAN WATCH VILLAS
OWNERS ASSOCIATION,

      Defendants.

\*
\*
\*
\*
\*     1:17-CV-00839-ELR
\*
\*
\*
\*
\*
\*
\*
\*

---

**O R D E R**

---

This matter is before the Court on Marriott Vacations Worldwide Corporation's Motion to Dismiss [Doc. 11] and Plaintiff's Motion to Deem Requests for Admission Admitted [Doc. 14].

On March 8, 2017, Plaintiff Latisha Wright, represented by counsel, filed a Complaint against "Marriot Vacations Worldwide" alleging a claim of negligence arising out of a slip-and-fall that occurred on July 9, 2014, at a condominium property known as OceanWatch at Grand Dunes located in Myrtle Beach, South

Carolina.  There is no indication on the docket that the Complaint was ever served on "Marriot Vacations Worldwide."[1]

Over three months later, on June 27, 2017, Plaintiff filed a First Amended Complaint.  [Doc. 6].  The second and third pages of Plaintiff's First Amended Complaint are missing from this docket entry.  Id.  In this version of her Complaint, Plaintiff named "Marriot Vacations Worldwide Corporation" as Defendant.  Id.  The same day, Plaintiff again filed a document entitled First Amended Complaint.  [Doc. 7].  This document is also missing the same two pages.  There are two exhibits attached to this First Amended Complaint: the Civil Cover Sheet and the Summons for "Marriot Vacations Worldwide Corporation." Id.  There is no information on the docket that Marriott Vacations Worldwide Corporation was ever served with any version of the First Amended Complaint.

Less than a month later, on July 13, 2017, Plaintiff filed a Second Amended Complaint.  [Doc. 8].  The Second Amended Complaint is again filed against "Marriot Vacations Worldwide Corporation" and repeats the same allegations as made in the Original Complaint.  Id.  The Second Amended Complaint contains only one count for negligence.  Id.  There is no evidence on the docket that the Second Amended Complaint was ever served.

---

[1] The Court notes that in many of her pleadings, Plaintiff spells "Marriot" with only one "t."  The correct spelling is "Marriott."

However, on August 24, 2017, Marriott Vacations Worldwide Corporation filed the instant Motion to Dismiss. [Doc. 11]. Marriott Vacations Worldwide Corporation contends that it is not subjecting itself to the jurisdiction of the Court and asks the Court to dismiss, or in the alternative, to grant a motion for summary judgment. Id. at 1. Marriott Vacations Worldwide Corporation first avers that it does not own the Marriott OceanWatch property where Plaintiff alleges she fell. Id. at 1-2 (citing [Doc 11-2 Aff. of Vic Marmo, Senior Director of Global Claims, Risk Management for Marriott Vacations Worldwide Corporation at ¶ 3]). Rather, Mr. Marmo testifies that the property is owned by OceanWatch Villas Owners Association. Id. Second, Marriott Vacations Worldwide Corporation contends that the Court does not have personal jurisdiction over it under Georgia's Long-Arm statute. Third, Marriott Vacations Worldwide Corporation contends that the statute of limitations for Plaintiff's negligence claim has run because she avers she was injured on July 9, 2014, and she did not filed her Original Complaint until March 8, 2017. Id. at 3-4.

Marriott Vacations Worldwide Corporation also asks the Court to strike Plaintiff's First and Second Amended Complaints because Plaintiff did not seek leave of the Court before filing them. Id. at 5. Marriott Vacations Worldwide Corporation did not address the propriety of service with respect to any of the Complaints in its Motion to Dismiss.

Plaintiff responded to Marriott Vacations Worldwide Corporation's Motion to Dismiss.  [Doc. 13].  Plaintiff raises a host of information concerning events outside of the pleadings, including claiming that Plaintiff and Marriott Vacations Worldwide Corporation entered into a contractual agreement "to have Plaintiff come to the resort while she was a resident of Georgia." Id. at 1-2.  Significantly, Plaintiff's counsel admits in this document that the statute of limitations for a tort action has run.  Id. at 2.  But he goes on to state that Plaintiff's Third Amended Complaint contains a new claim for breach of contract.  Id. at 2.  As of the date of this response, however, Plaintiff had not yet filed a Third Amended Complaint. Plaintiff objects to Marriott Vacations Worldwide Corporation's request that the Court strike the First and Second Amended Complaints arguing that she only has to seek leave of the Court to amend if she has served her Original Complaint. Id.

Plaintiff also filed a Motion to have her Requests for Admission Deemed Admitted.  [Doc. 14].  Plaintiff sent these Requests for Admission in association with her Original Complaint.  [Doc. 18 at 2].  Plaintiff contends that because Marriott Vacations Worldwide Corporation has asked that the First and Second Amended Complaints be stricken, Marriott Vacations Worldwide Corporation is admitting that the Original Complaint was properly served and therefore, Marriott Vacations Worldwide Corporation must also have received Plaintiff's Requests for Admission.

After Defendant filed its Motion to Dismiss, Plaintiff filed a Third Amended Complaint on September 11, 2017. [Doc. 15]. This version of the Complaint names both Marriott Vacations Worldwide Corporation and OceanWatch Villas Owners Association as Defendants. Id. However, throughout the Third Amended Complaint, Plaintiff refers to "Defendant" in the singular without identifying to which Defendant she refers. Plaintiff again raises a claim of negligence but does not specify which Defendant she raises this claim against.

As an initial matter, there is no evidence in the record that Plaintiff ever served the Original Complaint. Plaintiff's Requests for Admissions were sent in conjunction with the Original Complaint. Simply because Defendant is aware of the existence of the Original Complaint does not mean that it was properly served on Defendant. Without evidence that the Original Complaint was properly served, the Court denies Plaintiff's Motion to Deem Requests for Admission Admitted [Doc. 14].

The Court now turns to the many Amended Complaints filed by Plaintiff. Rule 15(a)(1) of the Federal Rules of Civil Procedure provides that a party may amend its pleading once as a matter of course (A) within 21 days after serving it, or (B) "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." "In *all other cases*, a party may amend its

pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(1), (2) (emphasis added).

Plaintiff argues without citation that "Federal Rule of Civil Procedure 15 requires that the party be served in order for it to be necessary to ask for Leave of Court to amend pleadings." [Doc. 13 at 2]. The Court can find no authority to support this proposition. In fact, under Rule 15(a)(2), it appears that amendment as of right applies only to an amendment filed within 21 days of serving the original complaint or (for pleadings to which a responsive pleading is required) 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12. "In all other cases," states Rule 15, a party may only amend with consent of the opposing party or leave of the Court.

Here, Plaintiff filed her Original Complaint on March 8, 2017. [Doc. 1]. She apparently made no attempt to serve the Original Complaint or an attempt was made but it was not proper. Over three months later, Plaintiff filed her First Amended Complaint. [Doc. 5]. It is not clear to the Court that Plaintiff could file that First Amended Complaint without leave of the Court because the circumstances do not fit either option in Rule 15(a)(1). In any event, it is clear that Rule 15 allows amendment as of right only once. Thus, even if Plaintiff could file her First Amended Complaint as of right; she certainly could not file the Second

and Third Amended Complaints without consent of the opposing party or leave of the Court, neither of which she had.

The Motion to Dismiss filed by Marriott Vacations Worldwide Corporation raises hardly more than barebones arguments concerning personal jurisdiction. However, it appears to be closer to the mark with respect to its arguments on the statute of limitations for a tort action and the fact that Marriott Vacations Worldwide Corporation is not the owner of the premises where Plaintiff alleges she fell.

It appears that Plaintiff attempted to address some of the deficiencies raised by Marriott Vacations Worldwide Corporation in her Third Amended Complaint. Even setting aside whether Plaintiff could file that Third Amended Complaint without leave of the Court; however, the Court is very troubled by the manner in which Plaintiff pleads her Third Amended Complaint.  Despite the fact that Plaintiff's counsel, himself, has admitted that the statute of limitations has run on Plaintiff's negligence action, she again raises this cause of action in the Third Amended Complaint.  Moreover, throughout the whole pleading, Plaintiff uses Defendant in the singular and does not specify against which Defendant she makes which factual assertions or claims.  Furthermore, apparently recognizing the futility of her tort action, Plaintiff has added a cause of action for breach of an

implied contract but the Third Amended Complaint offers very scant details of the basis for this claim.

Given the problems that have developed in this case and considering that the Court should freely grant leave to amend, the Court finds that the best course of action is to grant Plaintiff leave to file one last amendment to her Complaint. The Court notes, however, that Plaintiff's counsel should be aware of his Rule 11 obligations when filing this (Fourth) Amended Complaint. In particular, the Court notes that Plaintiff's counsel has already conceded that the statute of limitations has run on Plaintiff's tort cause of action. Given that concession, the Court would not expect to see that cause of action in the Amended Complaint barring some kind of extraordinary circumstance of which the Court is not yet aware.

Furthermore, Plaintiff will need to allege more detailed factual content with respect to her breach of implied contract claim. The Court recognizes that the pleading of complaints is governed by Rule 8 notice pleading, but given that this will be Plaintiff's fifth attempt to craft a sufficient complaint, the Court conditions its granting of leave to amend on Plaintiff offering enough details about her breach of implied contract theory so that Defendant can understand what it is defending.

Finally, because it is not clear to the Court that any Defendant in this case has ever been properly served with any version of Plaintiff's Complaint, the Court

requires Plaintiff to file proof of service of her Amended Complaint on the docket of this case.

The Court **DENIES WITH LEAVE TO RENEW** Marriott Vacations Worldwide Corporation's Motion to Dismiss [Doc. 11] and **DENIES** Plaintiff's Motion to Deem Requests for Admission Admitted [Doc. 14].   The Court **DIRECTS** Plaintiff to file her (Fourth) Amended Complaint within twenty (20) days from the date of entry of this order.

**SO ORDERED**, this 25th day of January, 2018.

Eleanor L. Ross
United States District Judge
Northern District of Georgia